UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

Petitioner,

v.

CASE No. 8:10-MC-107-T-30TGW

JOHN B. MANNING, et al.,

Respondents.

## REPORT AND RECOMMENDATION

The United States of America seeks to enforce in this suit Internal Revenue Service (IRS) summonses served upon the respondent, John B. Manning. For the following reasons, I recommend that the summonses be enforced.

In this case, a petition was filed stating that an investigation was being conducted into the determination of the federal income tax liabilities of John B. Manning, both individually, and as President of three companies for the tax year 2008. It was alleged further that Mr. Manning was in possession of testimony and documents concerning the investigation and that summonses were issued by the IRS directing Mr. Manning to appear before a revenue officer and produce documents for examination. Mr. Manning

failed to appear in response to the summonses, and failed to produce the required books, papers, records, or other data.

The revenue officer has filed a declaration under penalty of perjury stating that the books, papers, records and other data may be relevant to the determination of the federal income tax liabilities of Mr. Manning for the year 2008. It alleges further that, while some information is in the possession of the IRS, the documents sought are not. The petition also states that all administrative steps required by the Internal Revenue Code for the issuance of the summonses have been taken.

An Order to Show Cause was issued directing Mr. Manning to file a written response within twenty (20) days of service (Doc. 2). The Order further directed that, should Mr. Manning raise any objection to the enforcement of the summonses, he should appear for a hearing on December 28, 2010, at 2:30 P.M., to show cause why the summonses should not be enforced.

The petitioner filed a motion to continue the hearing because Mr. Manning had indicated a willingness to comply with the summonses and had hired an accountant to assist in the production of the requested information (Doc. 7). The motion was granted, and the hearing was rescheduled for 10:30 A.M. on February 22, 2011 (Doc. 8). At the time scheduled for the hearing, Mr. Manning appeared along with his accountant and requested additional

time to complete the compilation of the documents requested. The petitioner stated that it had no objection to extending the time for compliance until August 15, 2011.

The Supreme Court held in United States v. Powell, 379 U.S. 48, 57-58 (1964), that a summons is to be enforced upon a showing "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [IRS's] possession, and that the administrative steps required by the Code have been followed...." In this case, the Government has made such a showing through the petition and the verified declaration. See United States v. Southeast First National Bank of Miami Springs, 655 F.2d 661, 664 (5th Cir. 1981). As indicated, Mr. Manning has no objection to complying with the IRS summonses.

I therefore recommend that Mr. Manning be ordered to comply with the IRS summonses served upon him, and that he be allowed up to, and including, August 15, 2011, to produce the requested documents.

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: FEBRUARY 23, 2011

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).